**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL:

    RE:    *Carolyn Price Tillman v. Commissioner, Social Security Administration*;
            Civil No. SAG-10-1353

Dear Counsel:

    On May 26, 2010, the Plaintiff, Carolyn Price Tillman, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Tillman filed her claim on May 5, 2004, alleging disability beginning on June 1, 2002. (Tr. 68-70). Her claim was denied initially on July 15, 2005, and on reconsideration on January 18, 2006. (Tr. 30-32, 36-37). Hearings were held on April 13, 2007 and July 31, 2007 before an Administrative Law Judge ("ALJ"). (Tr. 755-800). Following the hearings, on November 19, 2007, the ALJ determined that Ms. Tillman was not disabled during the relevant time frame.[1] (Tr. 16-27). The Appeals Council denied Ms. Tillman's request for review, (Tr. 4-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Tillman suffered from the severe impairments of degenerative joint disease of the lumbar and thoracic spine, arthritis of the knees, and obesity. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Tillman retained the residual functional capacity ("RFC") to:

> perform light work except that she could frequently balance, stoop, crouch and crawl; could occasionally climb ramps, stairs, ladders, ropes and scaffolds and kneel and would be limited to simple, unskilled work due to the medications she was taking.

---

[1] Ms. Tillman's date last insured, for the purposes of Disability Insurance Benefits, was December 31, 2002. (Tr. 18). She had to establish disability on or before that date to be eligible for benefits.

*Carolyn Price Tillman v. Commissioner, Social Security Administration*
Civil No. SAG-10-1353
January 9, 2013
Page 2


(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Tillman could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 26).

Ms. Tillman raises three errors pertaining to the evaluation of her RFC: that the ALJ failed to include standing and walking limitations; that the ALJ erroneously relied upon the opinions of the state agency physicians; and that the ALJ failed to impose a ten-pound lifting restriction. Each argument lacks merit.

First, the ALJ provided substantial evidence to support a determination not to include standing and walking limitations in Ms. Tillman's RFC. Initially, the ALJ found that Ms. Tillman's complaints of pain were not credible, relying in large part on her initial testimony that while she was incarcerated, she could spend all day in her cell if she wanted. (Tr. 23, 790). When informed that the ALJ was familiar with the work policies at both facilities at which she had been housed during the relevant period, Ms. Tillman conceded that she had to work while she was in jail. (Tr. 23-24, 790-92). The ALJ noted that, "[s]he apparently was able to do the work as there were no indications in the medical records to suggest otherwise and no notes excusing her from work or placing further limitations on her ability to work." (Tr. 24). Her work while incarcerated included cleaning the day room, and working in the sewing shop doing paperwork for three hours per day and ironing uniforms for six hours per day. (Tr. 23, 792-93).

The ALJ further noted that Ms. Tillman used a walker "only for a short period of time" and that, "[f]or the most part, the claimant's medications kept her functional in her daily activities in the jail setting." (Tr. 24). Those evaluations are supported by the evidence of record, which show that Ms. Tillman used a walker at some point in 2001, then asked for her "walker back" in June, 2002. (Tr. 122). The medical records from the jail facilities only extend through August, 2002, despite the fact that Ms. Tillman remained incarcerated until 2003. Ms. Tillman's counsel did not provide any additional medical evidence for the relevant 2002 time frame. (Tr. 774). As a result, there are very few medical records establishing Ms. Tillman's medical condition from June, 2002 to August, 2002. Those that do exist support the ALJ's assessment. As the ALJ noted, Ms. Tillman refused to attend a medical appointment in late June, 2002, which would indicate that her problems were not serious enough to prompt her to keep the appointment. (Tr. 24). The medical evidence of record, and the evidence regarding Ms. Tillman's activities while incarcerated, provide substantial evidence that no standing/walking limitation was necessary.

Ms. Tillman's second argument is that the ALJ erroneously relied on the opinions of state agency consultants Dr. Biddison and Dr. Hakkarinen. Both physicians opined that Ms. Tillman was capable of a light RFC as of her date last insured. (Tr. 689). Ms. Tillman contends that their opinions should not have been awarded weight because they provide limited explanation of the records reviewed or of the evidentiary basis for their findings. Pl. Mot. 6-8. Although I agree that the physicians ideally would provide additional detail in their opinions to assist the ALJ, the ALJ noted that their opinions "are consistent with the limitations placed upon the claimant for

*Carolyn Price Tillman v. Commissioner, Social Security Administration*
Civil No. SAG-10-1353
January 9, 2013
Page 3

light work activity while she was in jail." (Tr. 25). An ALJ should give "more weight" to medical opinions that are consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(d). Thus, while the ALJ could not conclusively determine that the consultants had reviewed the medical records from Ms. Tillman's incarceration, the fact that the opinions were consistent with the other evidence of record supports the ALJ's decision to accord them "great weight."

Finally, Ms. Tillman contends that the ALJ disregarded a February 21, 2001 medical opinion, more than one year before the alleged onset date, limiting Ms. Tillman to lifting no more than ten pounds. The "opinion" in question is a medical assignment form signed by a certified registered nurse practitioner at the Patuxent correctional facility. (Tr. 424). Other than identifying information for Ms. Tillman, the form states only, "May not work in kitchen No heavy (> 10 lbs) lifting." *See id.* The form provides no information about any diagnosis or injury requiring those restrictions, and provides no information about the duration of the restrictions imposed. *Id.* Subsequent medical assignment forms, much closer to the time between the alleged onset date and the date last insured, do not contain any lifting restrictions. (Tr. 353, 357). As set forth above, the other evidence of record constitutes substantial evidence to support the ALJ's determination that Ms. Tillman was capable of a limited range of light work.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge